IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DISTRICT

| | |
|---|---|
| **ROBBIE LEWIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:23-cv-00202 |
| v. | ) |
| | ) |
| **REFERENCE SERVICES, INC.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ROBBIE LEWIS, by and through his attorneys SMITHMARCO, P.C., and in his complaint against the Defendant, REFERENCE SERVICES, INC., states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant Reference Services, Inc., (hereafter "Reference Services"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3. Defendant Reference Services is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy,"

15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Reference Services.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Robbie Lewis is an adult individual residing in Mount Washington, KY.

8. Defendant Refence Services is a consumer reporting agency which provides background and employment screening services. Refence Services regularly conducts business in the Southern District of Indiana and has a principal place of business located at 101 Plaza East Blvd., Suite 300, Evansville, IN 47715.

## FACTUAL ALLEGATIONS

10. In or around February 27, 2023, Plaintiff was Offered Employment with Houchens Food Group, Inc., (hereafter "Houchens").

11. As part of the onboarding process at Houchens, Plaintiff signed a document purportedly authorizing Houchens to obtain a consumer report for employment purposes.

12. Houchens contracts with Reference Services to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

13. The consumer report supplied by Reference Services contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Houchens.

14. Defendant Reference Services has been reporting, and did here report, derogatory, inaccurate and incomplete statements and information relating to Plaintiff to third parties ("inaccurate information").

17. The inaccurate information includes, but is not limited to, false and defamatory representations that Plaintiff has prior felony convictions and is a registered sex offender.

18. Plaintiff has no criminal record.

18. The inaccurate information grossly disparages the Plaintiff and portrays her as a being a felon and violent sex offender, which she is not. There is perhaps no greater error that a consumer reporting agency can make.

19. The inaccurate information consists of inaccurate statements and personal information that do not belong to the Plaintiff, and that actually belongs to another consumer. Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer with respect to the inaccurate information.

20. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures, it would not have reported the inaccurate information.

21. In fact, the inaccurate records Defendant included in its report belongs to two other individuals, both of whom have different names then Plaintiff.

22. A simple review of the relevant public records would have revealed that the subject convictions belonged to different individuals.

23. Plaintiff's employment was subsequently terminated at Houchens, and Plaintiff was informed by Houchens that the sole basis for this termination and denial was the inclusion of the inaccurate criminal information on Plaintiff's Reference Services consumer report.

22. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, lost wages, harm to reputation, and emotional distress, including frustration, humiliation and embarrassment.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I
## PLAINTIFF V. REFERENCE SERVICES
## VIOLATIONS OF THE FCRA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

30. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

31. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBBIE LEWIS, by and through his attorneys, seeks judgment in Plaintiff's favor and damages against the Defendant, REFERENCE SERVICES, INC. based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**ROBBIE LEWIS**

                                                     By:   s/ David M. Marco  
                                                              Attorney for Plaintiff

Dated: November 16, 2023

David M. Marco  
IL Bar No. 6273315/FL Bar No. 125266  
SMITHMARCO, P.C.  
5250 Old Orchard Road, Suite 300  
Skokie, IL 60077  
Telephone:   (312) 546-6539  
Facsimile:   (888) 418-1277  
E-Mail:       dmarco@smithmarco.com